IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00522-BNB

PAUL LUNA VASQUEZ,

     Applicant,

v.

ARISTEDES W. ZAVARAS,

     Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 2 4 2009

GREGORY C. LANGHAM
CLERK

---

ORDER OF DISMISSAL

---

Applicant Paul Luna Vasquez is a prisoner in the custody of the Colorado

Department of Corrections (DOC) at the Bent County Correctional Facility in Las

Animas, Colorado. Mr. Vasquez initiated this action by submitting to the Court a **pro se**

Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Nonetheless,

upon review of Respondent's Pre-Answer Response and Mr. Vasquez's Reply, the

Court finds that Mr. Vasquez is challenging the validity of his October 8, 2008,

resentencing in case number 03CR742 in the Weld County District Court on October 8,

2008. Therefore, Mr. Vasquez's claims more properly are brought pursuant to 28

U.S.C. § 2254.

In an order filed on March 31, 2009, Magistrate Judge Boyd N. Boland directed

Respondent to file a Preliminary Response to address the affirmative defenses of

timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies if

Respondent intends to raise either or both of those defenses. On May 11, 2009,

Respondent filed a Preliminary Response. Mr. Vasquez filed a Reply Brief on May 27,

2009.

      The Court must construe liberally the Application and Reply filed by Mr. Vasquez

because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519,

520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the

Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

For the reasons stated below, the Court will deny the Application and dismiss the

action.

      Mr. Vasquez originally pled guilty to one count of distribution of a controlled

substance and was sentenced on August 27, 2004, to two years of probation. Although

he was subject to a revocation of his probation and was resentenced on August 24,

2006, to four years in community corrections, the revocation of parole and resentence

at issue in the instant action is the October 23, 2008, resentencing during which he was

sentenced to four years of confinement in the Colorado Department of Corrections. In

accordance with the Register of Actions, attached as Appendix A to the Preliminary

Response, the Court finds that Mr. Vasquez did not file a direct appeal of the October

23, 2008, sentencing. He did, however, file a Colo. R. Crim. P. 35(a) and (c)

postconviction motion on December 4, 2008, in which he raised the claims he asserts in

the instant action. (Prelim. Resp. App. A at 15 and Am. Application at 16-17.) The

postconviction motion was denied on December 8, 2008. Mr. Vasquez did not appeal

the denial of the postconviction motion, even though he did attempt to amend the motion and sought a rehearing of the denial of the motion. (Prelim. Resp., App. A at 15.) Mr. Vasquez also filed a petition for a writ of mandamus with Colorado Supreme Court that was denied on February 11, 2009. (Prelim. Resp., App. A at 15.)

Mr. Vasquez asserts three claims for relief in his Application, including (1) a revocation of his placement in community corrections and a resentence to the DOC without a notice of the charges against him in violation of his due process, his equal protection rights, and the Ex Post Facto Clause; (2) a denial of a timely notice of the charges against him, an informal hearing, and proof of the charges against him beyond a reasonable doubt, in violation of his due process and equal protection rights; and (3) ineffective assistance of counsel by counsel appointed to represent him at his revocation proceeding in violation of his Sixth Amendment rights.

Respondent concedes that the instant action is timely pursuant to 28 U.S.C. § 2244(d). Respondent, however, contends that all claims were not properly exhausted and now are procedurally barred.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the

3

federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

As for the writ of habeas corpus petition Mr. Vasquez filed with the Colorado Supreme Court, if a "claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, . . . "[r]aising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation." *Castille*, 489 U.S. at 351; *see also Parkhurst v. Shillinger*, 128 F.3d 1366, 1369 (10th Cir. 1997) (state procedure that is

4

discretionary and limited in scope does not constitute fair presentation). The Colorado Supreme Court, in its discretion, may decline to address the merits of claims asserted in an original petition for an extraordinary writ. *See Rogers v. Best*, 171 P.2d 769, 770 (Colo. 1946). Therefore, Mr. Vasquez's petition for a writ of mandamus, denied on February 11, 2009, did not exhaust his state court remedies with respect to the claims he asserts in the instant action.

Claims are precluded from federal habeas review when the claims have been defaulted in state court on an independent and adequate state procedural ground. *Steele v. Young*, 11 F.3d 1518, 1521 (10th Cir. 1993) (citations omitted). "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision . . . . For the state ground to be adequate, it must be strictly or regularly followed and applied evenhandedly to all similar claims." *See Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998) (internal quotations and citations omitted). Also, if it is obvious that an unexhausted claim would be procedurally barred in state court the claim is held procedurally barred from federal habeas review. *Steele*, 11 F.3d at 1524 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Harris v. Reed*, 489 U.S. 255, 269-70 (1989)).

"Generally speaking, [the court] do[es] not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted). Mr. Vasquez's *pro se* status does not exempt him from the

5

requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Ineffective assistance of counsel, however, may establish cause excusing a procedural default. *Jackson v. Shanks*, 143 F.3d 1313, 1319 (10th Cir. 1998). An applicant, however, must show "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and have "presented to the state courts [ ] an independent claim before it may be used to establish cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986). A showing of a probability of actual innocence is required to meet the fundamental miscarriage of justice exception. *See Bousley v. United States*, 523 U.S. 614, 622 (1998).

Respondent argues that Mr. Vasquez no longer has an adequate and effective state remedy available to him because the forty-five day period for appealing the trial court's December 8, 2008, denial of his postconviction motion has passed. (Prelim. Resp. at 11.) Respondent further argues, citing to Colo. Rev. Stat. § 16-5-402 and Colo. R. Crim. P. 35(c)(3)(VII), that any attempt to reraise the claims in the trial court would fail as time-barred and successive. (Prelim. Resp. at 11.) Although Mr. Vasquez fails to address Respondent's arguments in his Reply, the Court does not find that Mr. Vasquez may be procedurally barred from filing a notice of appeal. Under Colo. App. R. 4(b) the time to appeal may be extended upon a showing of excusable neglect. Furthermore, Respondent has failed to show that the claims are time-barred under § 16-5-402. The Court also will refrain from addressing whether Mr. Vasquez's claims are procedurally barred under Rule 35(c)(3)(VII). Therefore, the Court finds that Mr.

6

Vasquez has failed to exhaust state court remedies in each of his claims, and the action must be dismissed.

III.  Conclusion

Based on the above findings, it is

ORDERED that the Application is denied and the action is dismissed without prejudice for failure to exhaust state court remedies.

DATED at Denver, Colorado, this 23 day of _____ June _____, 2009.

BY THE COURT

ZITA L. WEINSHIENK, Senior Judge
United States District Court

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00522-BNB

Paul Luna Vasquez
Prisoner No. 75320
Bent County Correctional Facility
11560 Road FF.75 - Unit 8P-112
Las Animas, CO 81054-9573

John J. Fuerst III
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**


I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/24/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk